
JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50019 | **DATE** | 8/5/2004 |
| **CASE TITLE** | United States vs. Lowe | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the reverse memorandum opinion and order, the court denies Lowe's § 2255 motion and the related motion for discovery and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

Document Number: 33

# MEMORANDUM OPINION AND ORDER

Harry DeWayne Lowe, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, raising the following four claims: (1) the government elicited false testimony when it asked a witness(Rivas) if he had provided information to authorities in "unrelated" cases for which he was paid $2,900 when there was a serious question as to whether the cases were, in fact, unrelated; (2) the government failed to supply all prior statements the witness provided to authorities; (3) his trial counsel was ineffective in relation to the prior claim for failing to move for a mistrial, for failing to move for disclosure of the witness's prior statements, or failing to move to strike the witness's testimony; and (4) his trial counsel was ineffective for failing to advocate a plea agreement offered by the government that called for a five-year sentence and a forfeiture of assets. Lowe has also moved, pursuant to Rule 6 of the Rules Governing § 2255 Proceedings, for discovery of "all statements of [the witness] given to agents and to date not provided" and "all testimony and/or statements he provided" in the "unrelated" cases for which he was paid. The government has responded to both the § 2255 motion and the motion for discovery. Subsequently, Lowe filed a motion to amend his § 2255 motion to add a sentencing claim based on Blakely v. Washington, 124 S.Ct. 2531 (2004), which the government opposed. This court allowed the filing of the amendment.

Lowe's claim that the government elicited false testimony from Ravis when he responded "yes" to the question whether the payment of $2,900 was for information provided in "unrelated" cases fails for several reasons. While Lowe has attempted to carefully craft the suggestion that Rivas must have been lying and that he in fact did get paid for information provided in cases related to his, the facts do not foreclose the possibility that Rivas received the payments for cases unrelated to Lowe's. That possibility is not precluded by the record as Rivas had other involvement with drug dealings unrelated to Lowe. Further, even if Rivas provided information related to individuals who were also connected to Lowe's drug activities that does not necessarily mean that the information had anything to do with Lowe. The mere fact that other individuals bought from or sold to Lowe drugs does not mean that they did not have unrelated drug dealings with others. Lowe's suggestion of what Rivas meant by "unrelated" cases is not compelled by the facts of this case.

Even if such testimony was knowingly false, it does not result in the denial of due process if it does not affect the jury's judgment or is not capable of deceiving the jury into unjustly convicting a defendant. United States v. Thomas, 987 F. 2d 1298, 1300 (7th Cir. 1993). Here, whether Rivas was actually paid for providing information in cases related to Lowe's would have made little, if any, difference, as the jury was aware that Rivas had been paid for providing information in other cases. Such evidence would have impugned the credibility of Rivas to some degree. Whether such benefit would have been significantly increased had the jury known the cases he was paid for were related to Lowe's is arguable at best. Further, considering the substantial evidence implicating Lowe in the offenses charged, such an incremental effect on impeachment would not have affected the jury's judgment or deceived the jury into convicting Lowe.

The second claim, that the government failed to provide all prior statements that Rivas made to authorities, is meritless because there is simply no hint that such statements existed. The mere fact that Rivas testified that the statements provided to the defense did not contain everything he ever said to authorities in no way suggests that other statements not produced in fact existed. As for the question on cross-examination about whether Rivas had assisted in the prosecution of other individuals such as through "controlled buys, set-ups, [or] testifying in court against them," the question was compound and no conclusion can be reached that Rivas did in fact ever testify. Aside from the ambiguous question and answer, there is no other indication that Rivas testified in any other case. Even if additional statements or testimony by Rivas existed which the government failed to disclose, either prior to or after Rivas testified, the lost opportunity for additional impeachment, if any, would not have affected the outcome of the trial.

Lowe's third claim is that his trial counsel was ineffective for failing to move for a mistrial, for failing to seek disclosure of the purported materials, or for failing to move to strike Rivas's testimony.

A successful claim of ineffective assistance of counsel requires a defendant to show that counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms and that the deficient performance prejudiced his defense. Harris v. Cotton, 365 F. 3d 552, 555 (2004). Prejudice will be found when there is a reasonable probability that, but for the deficient performance of counsel, the outcome of the proceeding would have been different. Harris, 365 F. 3d at 555. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Harris, 365 F. 3d at 555.

In this case, Lowe's trial counsel, a highly skilled criminal defense attorney, was not deficient for failing to act in any of the ways asserted by Lowe as to any of the statements or materials allegedly not disclosed. As discussed above, the record does not suggest that any such statements or materials existed. Moreover, even if such failure by counsel was arguably deficient, it cannot be said that it undermines confidence in the outcome of the trial where Ravis was otherwise impeached and the evidence against Lowe was substantial.

The last claim presented by Lowe is that he was denied the effective assistance of counsel when his attorney, prior to indictment, "failed to advocate a plea offered by the Government that would have resulted in a five(5) year term and a forfeiture of assets," and also failed to "inform [Lowe] of the various guidelines provisions that might impact his sentence so that he could make a reasoned and knowing decision whether to take the plea offered." Lowe further asserts that his counsel was not ineffective for failing to communicate a plea offer, but rather, "for failing to provide adequate advice about the plea and sentencing exposure."

This claims fails because there is no support for Lowe's claim that any such plea offer was made by the government. In fact, Lowe's trial attorney, in an affidavit, states that no such plea offer was ever made. While Lowe attempts to create an issue of fact in this regard, his affidavit merely asserts that he and his attorney had a discussion regarding the possibility of his pleading guilty. Lowe offers no evidence whatsoever that an actual offer of a plea agreement was made or that such an offer contained the terms now suggested by Lowe. Additionally, the assertion that counsel was ineffective for failing to discuss the potential consequences under the sentencing guidelines necessarily lacks merit absent some showing that an offer for a plea agreement was in fact made. Lowe has not shown either deficient performance or prejudice as to this final claim.

As for Lowe's Blakely claim, the court finds that Blakely does not apply retroactively to motions under § 2255. Blakely itself does not declare its retroactivity, and the Supreme Court has indicated a strong likelihood it will not be given retroactive effect in Schriro v. Summerlin, 124 S. Ct. 2519 (2004) (holding that Ring v. Arizona, 536 U.S. 584 (2002), announced a new procedural rule not retroactively applicable to cases already final on direct review). See United States v. Traeger, No. 04 C 2685, 2004 WL 1609132, * 3 (N.D. Ill. July 8, 2004) (ruling that Blakely is not retroactive for purposes of paragraph 6 of § 2255).

For the foregoing reasons, the court denies Lowe's § 2255 motion in its entirety. There being no merit to any of Lowe's claims, the court also denies the related motion for discovery.